ROSS R. ROCKWELL, Respondent, *v.* STRAUB BUILDING UNITS, INC., Appellant.

Third Department, March 3, 1943.

574

*Walter J. Relihan* for appellant.

*Hinman, Howard & Kattell* (*C. Addison Keeler* of counsel), for respondent.

SCHENCK, J. Appeal by defendant from a judgment in favor of plaintiff, entered upon a verdict of a jury, and from an order of the court directing that interest be added to the verdict. The complaint alleged three causes of action: (1) that plaintiff was induced to purchase certain cinder blocks from defendant under fraud and misrepresentation; (2) that defendant breached its express warranty as to the said blocks; and (3) that defendant was liable on the theory of implied warranty. The court dismissed the third cause of action at the trial. The jury's verdict upon the other two causes was in favor of plaintiff for $2,800 less the award of a counterclaim by defendant for $424.63, the balance of the purchase price of the blocks in question.

The basis of the action was that cinder blocks purchased by plaintiff for the erection of a residence leaked to such an extent as to damage and render unsightly the interior walls of the house and to otherwise make it uninhabitable. Plaintiff contends that defendant's treasurer, Daniel Hough, had warranted

that the blocks were waterproof. Defendant denies any representation or warranty to this effect and submitted testimony to show that the blocks were not waterproof, were not advertised to be such, and, as a matter of fact, that there was no such thing as a "waterproof cinder block" known to the trade.

In this connection defendant offered expert testimony by one Vincent J. Smith, concededly a contractor of prominence in the city of Binghamton. Smith was asked: " Q. In your experience as a builder, have you ever heard of a waterproof concrete cinder block? A. No, sir."

He was later asked if he was a reader of the *Binghamton Press*. He said he was. Thereupon, plaintiff offered Exhibit 14 in evidence, ostensibly to impeach Smith's credibility as a witness. This exhibit consists of a " write-up " in the building section of the *Binghamton Press* of January 16, 1939. It was written by a newspaper man and was not a paid advertisement. No proof was adduced to show that defendant knew of it before its publication. The newspaper article states in part: " The Straub units are regularly used for exterior and interior walls, either load-bearing or nonload-bearing. The soundproof quality of cinder concrete masonry walls is of advantage that is responsible for the widespread popularity of this material. The units lay up rapidly, provide good insulation (cement faced are waterproof) and impart great strength and rigidity to the wall. Accurate bonding with face brick simplified because cinder units are multiples of standard brick sizes. For your next building needs call the Straub Building Units, Inc., at 17-27 Brown street, or dial 6-3392."

The exhibit was admitted in evidence over defendant's objection. I think this constituted reversible error. It brought before the jury a printed statement to the effect that the blocks were waterproof. I see no theory upon which the exhibit is admissible on the question of credibility of the witness. Smith testified that he had never heard of a waterproof concrete cinder block. The fact that he was a reader of the newspaper in which the exhibit appeared is immaterial. No foundation was laid for its introduction. The write-up in no way contradicted the witness or affected his credibility. It was clearly irrelevant to the issue and did not in any manner impeach him or tend to affect his moral character. The only real effect of the admission of the exhibit was to give the jury an opportunity to experience the impression that the defendant warranted, or at least advertised, that the blocks were waterproof. While the defendant was in no way bound by the article its reception in evidence was

highly prejudicial and may well have been the deciding factor on which the jury relied in arriving at its verdict.

It is unnecessary to consider the other points raised by defendant on this appeal.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CRAPSER and BLISS, JJ., concur; HILL, P. J., and HEFFERNAN, J., dissent.

Judgment and order reversed and a new trial granted with costs to the appellant to abide the event.